UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SINCERE TERRY et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. CIV-22-521-G |
| GENTNER DRUMMOND, in his official | ) |
| capacity as Oklahoma Attorney | ) |
| General, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Now before the Court is the parties' Joint Motion to Stay District Court Proceedings (Doc. No. 37). Following this Court's denial of Plaintiffs' motion for preliminary injunction, Plaintiffs initiated an appeal of that Order to the Court of Appeals for the Tenth Circuit. The parties move the Court to stay "further proceedings in this matter pending resolution of Plaintiffs' appeal, with the exception of Defendants' Motion to Dismiss (Doc. No. 17)." Jt. Mot. at 2.

The Court agrees that a stay of proceedings until Plaintiffs' appeal is resolved would promote judicial economy and efficiency. The issues decided in the Order now on appeal are the central issues presented in this lawsuit. As a result, a contrary view by the appellate court as to whether an injunction should issue would likely also affect disposition of Plaintiffs' claims. Thus, a stay is appropriate. *Cf. United States v. Power Eng'g Co.*, 10 F. Supp. 2d 1165, 1169 (D. Colo. 1998) ("[A]ppeals from interlocutory orders granting or denying injunctive relief present special considerations.").

The Court declines to make an exception for the pending Motion to Dismiss. The issues raised in connection with the injunction ruling overlap with those presented in the Motion to Dismiss. Therefore, the decision of the appellate court will likely also affect disposition of that Motion. The Court therefore concludes that the entire case should be stayed. *See* 16 *Federal Practice and Procedure (Wright & Miller)* § 3921.2 (3d ed.) ("[I]t would be advisable for the district court to determine whether the same issue [of whether a claim has been stated] has been presented on appeal, and to defer action when it seems reasonably probable that appellate decision of the same question is imminent. More broadly, the district court should—with help from the parties—consider the possibility that the issues framed on appeal may change the context of the matters presented for district-court action.").

IT IS THEREFORE ORDERED that the Joint Motion to Stay (Doc. No. 37) is GRANTED IN PART and DENIED IN PART. This matter shall be STAYED until further order of the Court. All intervening deadlines are STRICKEN.

IT IS SO ORDERED this 29th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge